Thank you, Your Honor. In a quiet title case over an easement, a claim does not accrue until the government expresses its view of the easement by acting adversely to the interests of the property owner. Here, the government… As you know, our original decision was bifurcated, basically. One of them had to do with jurisdiction. One of them had to do with when there was notice given, if you will, to your clients. The Supreme Court, of course, reversed on the jurisdictional issue and said it was not jurisdictional. That is what it is. But in terms of the law of the case, what I would like you to do is to tell me why the law of the case doesn't apply here. And if it doesn't, what has changed? What have you claimed changed in the analysis that we did in our original mem dispo dealing with what notice was received, whether or not that time period got triggered? Can you help me with that, please? Yes, Your Honor. I would say that the law made under the incorrect standard of review can't be law of the case. And by holding that the statute of limitations in the Quiet Title Act is jurisdictional, that shifts the burden and it shifts how the question needs to be analyzed. And so, the previous case was on a motion to dismiss where Mr. Wilkins had the burden of proof and under this court's way of analyzing jurisdictional motions to dismiss, there is not a requirement to hold a trial if there are disputed facts. The court can rule on the motions on that unlike in Rule 56. In order of what has changed is that in the summary judgment briefings, the arguments and the claims that Mr. Wilkins made were different. And I think the most obvious aspect of that is that we didn't submit a statement of material facts in a motion to dismiss because that's not what happened. We added additional facts, made the whole statement of material facts and opposing material facts. I'm sorry to interrupt you, Mr. McCoy. I thought the district court here did examine the evidence and determined that there was no genuine issue material fact. Well, Your Honor, and that's where I think the district court's decision, it seems it's relied a lot on law of the case and said I'm not going back on what I've said previously. Once there's no genuine issue material fact, then law of the case was properly applied, correct? Well, Your Honor, if it's applying it because it felt that it was bound by this court's previous decision, then I would say that is improper. If it was independently... That's not what I'm asking or it's not clear what I'm asking, so my bad. Let me try again. If we agree with the district court that there's no genuine dispute of material fact, is it proper to apply law of the case in that instance? Your Honor, if you agree that there's no issue of material fact and agree with the interpretation of the material fact, it would be proper to affirm on summary judgment, not because of the previous decision, not because it was bound, but because it came to an independent analysis of the facts presented in the motions for summary judgment rather than being bound by this court's previous decision under a different standard of review. So you're asking for the novel review and affirmance on that, right? Well, a reversal on... If we agree there's no genuine issue of material fact, then what you're asking is a novel review of a summary judgment ruling and not application of law in the case. And that's despite the fact that our prior holding found that plaintiff's claims were barred by the statute of limitations. That's correct, Your Honor. It would be a different affirmance, but Your Honor, I, as not surprising, would disagree with the case of no material facts and I would address... So the 11th Circuit's decision... Yeah, you win if that's the case. Yes, yes. The 11th Circuit's decision in Warner, which was followed by this court in Michael and McFarland, analyzed and synthesized the case law on quiet title claims over easement. And each of those cases that it analyzed, there was some action, some affirmative action that was unambiguous by the Forest Service or the BLM or the government in those cases that caused the 11th Circuit analyzed in Warner was Elk Mountain Safari, which was very similar to the case here, where the BLM claimed that it had a road that was open to the public across private property, very similar situations. There were people who used the road previously. There was some uncertainty about who owned it, but it wasn't until the BLM officials in Elk that they believed that the road was open to the public that the Quiet Title Act claim accrued. And ultimately, why the Quiet Title Act requires an unambiguous statement, why this court has said that there needs to be an unambiguous statement is because if a quiet title case is dismissed or held because it was untimely, that does not actually resolve the title dispute. And that is because all the court is saying is that you cannot bring a claim for this, but there are still certain circumstances. The government can still bring a claim, a Quiet Title Act claim, or title can be raised in an affirmative defense, in an administrative proceeding. And ultimately, this is why this court has said that the Quiet Title Act should not be interpreted to force plaintiffs to bring cases prematurely, because if it bars a case, then the title dispute remains and doesn't get resolved in an orderly fashion. Counsel, again, getting back to my colleague's question, let me say, first of all, of course, as you know, the 11th Circuit has no jurisdiction over us. I know we can look at its reasoning and so on, but from my perspective, it seems like the district court, you're saying it should have applied a different standard, but whether you go with the law of the case or you go on a summary judgment basis, the district court seemed to analyze whether there was any new information that would change its decision. And either way, it decided that there was not, and that the statute limitations was a bar here. Am I misunderstanding something? Well, Your Honor, the way that I read the district court, it says that it applies the law of the case, and because it was bound by that previous decision, it's not going to change. The law of the case applies unless there's intervening law or substantially different facts, and that's why the district court engaged in the facts. So there's an illogic to your position that law of the case doesn't apply, because we said on these facts, plaintiffs lose. So the district court then at the summary judgment stage examined the facts and said, well, the facts are pretty much the same. There's like a long history of use of the easement dating back to the 60s, and so therefore, law of the case, because nothing's changed. And one of the things that could get you out of law of the case application is substantially different evidence presented at the later stages of the trial, and we don't have it here. Well, Your Honor, first off, I would say that in the district court's previous decision, it said plaintiff has failed to meet its burden here, and that was in the district court, and that was what was affirmed by this court. So the question is, has the government met its burden? But also, there are additional facts that were put into the record because of the way that it was argued, and that is including the travel management plan and the statements by the Forest Service officials themselves in the travel management documents that said that these maps were confusing, and that, quote, it was challenging for both members of the public and Forest Service personnel to easily determine where and when motorized use can legally occur. But the district court considered that, did it not? Well, Your Honor, and this goes to the argument that as on a de novo review of summary judgment, this is why the district court was incorrect, because it said that it made a reference that this was about motor vehicle use, but this is a dispute about an easement, a road easement, not a trail easement, and so motor vehicle use is at the heart of this dispute. But I, again, with respect, as my colleague has pointed out, the law of the case controls unless on summary judgment, using the de novo review standard, there are new facts which, when considered, change the result. My understanding is the district court did consider what you proposed, including the motorized uses, et cetera, et cetera, and concluded that it did not change the underlying situation. There were no material issues of fact, genuine issues of fact. Isn't that correct? Well, Your Honor, I do think that there's confusion, but yes, but then we would go to the second part of that the court misanalyzed those new facts in this court. That's a different issue. You're saying the district court got it wrong, but you're not saying that the law was wrong, right? Well, Your Honor, there is, as the Supreme Court has said, when there is a vacator, and yes, it was a reversal in this case, but when the court changes, reverses, or vacates a decision of this court, it vacates a judgment. Well, with respect, you've got a whole different problem here. We've got two different decisions, two different case numbers. The Supreme Court didn't even mention the statute of limitations issue. It all leads out with jurisdiction, right? But Your Honor, that affects the analysis because it shifts the burden. Okay, and we take that, but when you do that, it still gets back to what Judge Wynn pointed out, which is the law of the case applies unless based upon the new burden of proof there are new genuine issues of material fact, which under de novo review changed things. My perspective is that you presented that to the district court, the district court reviewed it under de novo review, and concluded that there were no genuine issues of fact, and therefore, law of the case applies, or even if you applied summary judgment, you still lose. Is that wrong? Yes, Your Honor, and that's why when we challenge it, if that is how your analysis affects it, because you said either law of the case or summary judgment, yes, we lost there. Now, this court reviews under de novo review whether that was proper. Your Honor, what was proper? Whether the analysis of whether there's material facts and the law, whether there's material facts, whether this court should reverse that decision. So you're saying that if the district court analyzed, being careful, it analyzed on a summary judgment basis, which is what you're proposing, whether there were genuine issues of material fact, concluded there were none. You're saying we need to do that again. We need to review whether the district court got that wrong. Is that correct? Yes, Your Honor, because it was on a summary judgment and this court reviews motions for summary judgment de novo, and Your Honor, I know that you're right. This court is not bound by the 11th Circuit, but in Michael and McFarland, this court has expressly adopted the reasoning of Warner in the 11th Circuit, and thus it has become a part of this court's. And similarly, I mean, this court's decision last year in Wavell Ranches also adopted the same point of whether there needs to be an affirmative action by the government that has said that there needs to be an unambiguous affirmative action by the government in order for a quiet title claim to accrue. If there are no further questions, I'll reserve the remainder. You want to reserve the balance of your time? Please do then. All right. Mr. Ecker for the United States. Like the district court, this court can affirm because the evidence has not changed, and that undisputed evidence, the same evidence that was before the court in 2021, warrants summary judgment. The court applied the correct legal standard under Rule 56 to conclude that overwhelming undisputed evidence of use going back to the 1970s, of Forest Service maps going back to the same time period, and finally a 2006 closure by the Forest Service warranted judgment as a matter of law on the United States affirmative defense of statute limitations. The court should affirm. So since the court had questions about the law of the case, I'll start there, and then I'll move to the evidence supporting the district court's summary judgment, assuming de novo review. So law of the case applies here because, as the court has pointed out, the evidence presented at this stage is the same as that which was presented at the Rule 12 stage. My colleague is correct that the burden is different, but there is no evidence in the district court's opinion that the district court mislaid that burden. Instead, the district court correctly applied the standard for Rule 56 against its previous decision laying out general accrual principles. Whether the court believes that that lies in a correct application of the law of the case or instead is a correct recitation of general accrual principles does not ultimately matter because the court can affirm on either ground. So for purposes of a disposition by our panel, if we were to agree with you, would you say that we should basically say that law of the case doesn't really apply here, but the district court properly applied a Rule 56 analysis de novo and nothing had changed, so the result's the same. Is that correct? That's close. So I think what we would say is that the law of the case does apply, but it's not the end of the inquiry. Rather, the district court was correct to ask whether there was any reason not to apply the law of the case here, and principally, that means applying the standard under Rule 56 instead of the standard under 12B1. And concededly, we do bear the burden to produce evidence that is undisputed, showing that we're entitled to judgment as a matter of law. So I think the court can go either way. I think our view of the district court's reasoning on the law of the case, essentially, there's not much, if any, daylight between that and a simple recitation of the law of accrual in the circuit. And so it's six in one hand, half a dozen in the other from the government's perspective. So from the government's perspective, the district court properly was hesitant in relying exclusively on the law of the case and instead applied the standard it felt it must under Rule 56. Is that correct? That's correct, Your Honor. And you can see that at 1ER12, where the district court explicitly grapples with the undisputed history of use and mapping going back to the 1970s and asked whether that undisputed evidence warranted summary judgment. So I think the discussion leading up to that and the discussion starting at 1ER13 frames it as a question of law of the case, but there is that one additional step, which is making sure that the court applies the correct standard, which the district court did both. And so in our view, the court can affirm on that basis. So I'll touch briefly on sort of the three buckets of evidence that all of which are based on undisputed facts. So there's no genuine disputed material fact warranting a trial on any of the three. And each bucket would independently warrant summary judgment for the government. First, as Judge Wynn noted, consistent public use going back to the 1970s. Both plaintiffs were aware of public use when they purchased their properties. We have declarations in the SCR 53 through 65 that discuss public use for hunting and recreation on the National Forest going back some decades to, in the earliest cases, the 1960s. The second bucket of evidence that we rely on is these publicly available published maps, which show unrestricted public access. The Forest Service has consistently labeled the entirety of Robbins Gulch Road from Highway 93 since 1972 as an improved road. In its 2005 map, it altered that designation slightly to light-duty road. But as the district court recognized, that was in stark contrast to the category of restricted road, which is a separate category in all of these maps. Finally, we have the May 2006 closure, which precedes the 12-year statute of limitations period by, I think, a few months in which the Forest Service signed an order temporarily closing the road, which would have put any reasonable landowner on notice that, at other times, the Forest Service believes the road is open. I'd like to make one point in response to my friend on the other side's argument about Werner and, I think, Maple Ranches and Elk Mountain, which is that I believe plaintiffs' arguments overread those cases, because the question there and the question here is really the same, which is whether the government's actions were inconsistent with the plaintiff's claims. The reason those cases came out differently than the district court did here is because the plaintiffs were the holders of an easement. Here, it is the government that's the holder of an easement. And so, in those cases, because the plaintiff was allowed access to its property, the government's actions that fell short of preventing access were not inconsistent with plaintiffs' property rights or claimed property rights. Here, any public use that the Forest Service allows would be inconsistent with plaintiffs' theory of the easement. And so, for that reason, the cases are distinguishable, and the district court reached the correct conclusion in determining that plaintiffs and their predecessors entitled knew or should have known about the Forest Service's position on the easement for decades. If the court has no other questions, we would urge affirmance. Let me ask my colleague if either one have additional questions. No, thank you. Very well. All right, Mr. McCoy, you have some rebuttal time. Yes, Your Honor, thank you. I do want to note that Elk Mountain was a government-owned easement by the BLM, and as the Werner Court noted, there were people using the road before, and the court held that those people using the roads was not sufficient. Here, it's an even more extreme situation because there are people, multiple people, who own easements because there are multiple residents. And so, a just use of the road is not necessarily a trigger. Also, in this court's decision in Wavell Ranches, that was also a government-owned easement, and it rejected the same argument that there's some sort of different standard to apply, and easements are different. Situations for easements are different. As for the maps, the Forest Service admitted this is the reason why it adopted the travel management rule, is that it was not consistent in how it applied its regulations or what its maps said. And those maps, it labeled it 446, which means that it was a Forest Service road, but there are different types of Forest Service roads. Where it was labeled, they even labeled what was the primary access road on a different road in these maps, and ultimately, don't have to take my word for it, Bitterroot National Forest said these maps were and that's why it was ambiguous. I'd also note, counsel, if I understand your position, you're basically saying that the district court got it wrong. It heard these issues that you raised, but it didn't agree with you. Is that correct? Yes, your honor, and I will note for the 2006 order, there's three different declarations that we submitted that said they never saw that so that is a material fact there, if the 2006 order is the key. Ultimately, in this court, I can look at the evidence on the record, see if there's material facts, see if it applied, and I would say, as a matter of law, it did not look to an unambiguous statement or expression by the government. What deference, if any, do we owe the district court's analysis using Rule 56 governing law, if you will? Your honor, summary judgment is de novo. From your perspective, we just do it from scratch. We don't owe any deference to what the district court concluded. Yes, your honor, because you look at the evidence that was material facts and if they applied the correct standard and we assert that that is enough to vacate and remand. If there are no further questions, your honor, we ask that this court reverse or vacate and remand for further proceedings. Colleagues, any questions? Thank you. All right, thank you both very much for your argument. Very helpful. The case of Hopkins v. United States is submitted.
judges: SMITH, NGUYEN, THOMAS